### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

**SUZANNE R. HEER**,

    Plaintiff,

vs.                                                                  Civil Case No.: 1:12-CV-01059-RB/WDS

**COSTCO WHOLESALE CORPORATION;
RUBBERMAID, INC.; TRICAM
INDUSTRIES, INC**. et al.,

    Defendants.

### ORDER DENYING MOTION FOR PROTECTIVE
### ORDER RE: PLAINTIFF'S DEPOSITION

This matter is before the Court on Plaintiff's Motion For Protective Order. (Doc. 46). Plaintiff seeks a protective order barring Defendant from deposing her in this matter. The Court, having considered the motion papers of both parties, the record, and being otherwise fully informed, finds that the motion is not well taken and it is denied.

Plaintiff alleges that she purchased a step ladder from defendant, and that it collapsed while she was standing on it, causing her to fall and break her arm. After the accident, but before suit was filed, Plaintiff notified the defendant of the potential claim. Defendant's risk manager, Mr. Brandon Schuh, contacted Plaintiff's counsel to request a picture of the ladder, the medical records in Plaintiff's possession, and a pre-litigation, telephonic, recorded statement. Plaintiff's counsel refused to allow Mr. Schuh to take a telephonic statement and would only allow the Plaintiff to give a sworn statement before a court reporter in Albuquerque or Las Cruces, at the manufacturer's expense, and at a mutually agreeable date and time. Mr. Schuh agreed to have Plaintiff's statement recorded by a court reporter. Plaintiff restricted the sworn statement to three hours, and Plaintiff's statement was taken on August 3, 2012.

Ultimately, the claim was not resolved and Plaintiff filed suit. Defendant has requested the

deposition of Plaintiff pursuant to Fed. R. Civ. Proc. 26. Plaintiff has filed the instant motion, seeking a protective order from the Court on the basis that the August 3, 2012 recorded statement constituted a "deposition" under Rule 26, and that Defendant is only entitled to one deposition.

Under Rule 26, Defendant is entitled to depose Plaintiff in this case. Plaintiff cites *Dixon v. Certainteed Corp.,* 164 F.R.D. 685, 690 (1996, Dist. Kansas) for the proposition that "courts generally disfavor repeat depositions." The Court notes, however, that the issue in that case was a second deposition of several witnesses who had already been deposed in the case. Plaintiff has cited no cases in which the deposition of a party during litigation was prohibited because the party had given a statement-sworn or otherwise-before suit was filed. Plaintiff's argument that the sworn statement had all the attributes of a deposition is unavailing. The Court notes that sworn statements, or examinations under oath, are commonly taken in connection with insurance claims. If the claim is not resolved and litigation ensues, there is no bar to taking the deposition of the Plaintiff during the litigation.

Furthermore, the Court does not assume, as suggested by Defendant, that Plaintiff's insistence on a sworn statement in lieu of telephonic statement was some sort of plan to interfere with discovery if the case proceeded to litigation, or that Plaintiff's counsel was being deceitful. However, it is undisputed that while Plaintiff's counsel made many demands on Defendant's representatives, at no time did he advise them that if they took Plaintiff's sworn statement *before* litigation, that he would object to the taking of Plaintiff's deposition *during* litigation. Defendant's representatives had no reason to suspect that their voluntary compliance with counsel's demands would, in turn, be held against them if the case proceeded to litigation. Accordingly, the Court additionally finds that Plaintiff is estopped from objecting to the taking of her deposition by Defendant in this matter.

Finally, the Court declines to preemptively set limits on what questions can or cannot be asked, or what topics covered, at the deposition.

IT IS SO ORDERED.

_____
W. Daniel Schneider
United States Magistrate Judge