**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**SUZANNE R. HEER**,

    Plaintiff,

vs.                                           Civil Case No.: 1:12-CV-01059-RB/WDS

**COSTCO WHOLESALE CORPORATION;
RUBBERMAID, INC.; TRICAM
INDUSTRIES, INC**. et al.,

    Defendants.

**ORDER GRANTING *IN CAMERA REVIEW* IN RESPONSE
TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
RE: PLAINTIFF'S MEDICAL RECORDS**

This matter is before the Court on Plaintiff's Motion For Protective Order. (Doc. 47). Plaintiff seeks a protective order barring Defendant from obtaining what she describes as "irrelevant and private" medical records. The Court, having considered the motion papers of both parties, the record, and being otherwise fully informed, finds that the appropriate course is for the records to be submitted for *in camera* review.

Plaintiff alleges that she purchased a step ladder from defendant, and that it collapsed while she was standing on it, causing her to fall and break her arm in two places. She seeks damages relating to the pain and suffering arising from the broken arm, plus "garden variety" emotional damages. Plaintiff has provided copies of medical records reflecting treatment and physical therapy for her broken arm. Plaintiff objects to the production of medical records from Dr. Sanchez and Dr. Tan. According to an affidavit submitted by Plaintiff, Dr. Sanchez has been her primary care physician/gynecologist for twenty years. Dr. Tan treated Plaintiff once for bronchitis, but apparently also has a copy of all of Dr. Sanchez' treatment records. Plaintiff argues that a protective order is appropriate because the disputed records have no connection to the broken arm she suffered when

she fell.

Local Rule 26.3(d) reads as follows:

(d) Required Initial Disclosure. In all cases in which the physical or mental medical condition of a party is an issue, the party whose condition is an issue must make a good faith effort to produce the following information *that the disclosing party may use to support its claims or defenses*, unless solely for impeachment:

> **(1)** a list of the name, address and phone number of *any healthcare provider, including without limitation, any physicians, dentists, chiropractors, mental health counselors, clinics and hospitals which have treated the party within the last five (5) years preceding the date of the occurrence set forth in the pleadings* and continuing through the current date;
>
> **(2)** *all records of such healthcare providers* which are already in that party's possession, which will be made available for inspection and copying by all other parties to the action;
>
> **(3)** for each healthcare provider, a signed authorization to release medical records form, as set forth in Appendix "A." Within fourteen (14) days after receiving medical records by use of these authorization forms, a party must make the records available for inspection and copying by all other parties to the action.
> (emphasis supplied)

Plaintiff argues that 26.3(d) calls for disclosure of medical records that the disclosing party, i.e., the Plaintiff, "may use to support its claims or defenses." Plaintiff's position is that she has no intention of using the disputed records to support her claims in this case, and therefore should not have to produce them. Defendant notes that Local Rule 26.3(d)(1)-(2) provides for the disclosure of all medical records for the five years preceding the "occurrence" set forth in the pleadings, continuing through the present date. Defendant argues that medical records that predate the occurrence are, by definition, not treatment related and would not be used to support a plaintiff's claims. To the contrary, Defendant points out that such records could be used by a defendant to rebut or counter a claim for damages advanced by a plaintiff.

There is no question that the Federal Rules of Civil Procedure allow a defendant to review a plaintiff's medical records that predate an alleged injury, not just the medical records that the plaintiff intends to use in support of his or her damage claim. In the Court's opinion the language of subparagraphs (1) and (2) of Local Rule 26.3(d) is broad enough to encompass the records of Dr. Sanchez and Dr. Tan for the period of five years preceding Plaintiff's fall through present. However, the Court also acknowledges that, given the nature of the very discrete injury complained of in this lawsuit by Plaintiff, there would appear to be only a remote chance of these personal medical records being relevant to Plaintiff's claim, or admissible at trial. Accordingly, the Court will order that the records be produced by Plaintiff for *in camera* review by the Court. The Court notes that this case will be reassigned to a new Magistrate Judge on or about Friday, April 5, 2013. Within fourteen days of the reassignment the Plaintiff shall produce the records for *in camera* review.

IT IS SO ORDERED.

_____
W. Daniel Schneider
United States Magistrate Judge