IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SUZANNE HEER,

        Plaintiff,

vs.                                                 CIV 12-1059 RB/KBM

COSTCO WHOLESALE CORPORATION,
RUBBERMAID, INC.,
TRICAM INDUSTRIES, INC.

        Defendants.

## **MEMORADUM OPINION AND ORDER**

THIS MATTER comes before the Court on Plaintiff's Second Motion to Compel Production of Documents from Defendant Tricam Industries, Inc. (*Doc. 110*), which was fully briefed on November 23, 2013. In her motion, Plaintiff seeks to compel responses to Request for Production Nos. 31, 33, and 35, which request documents related to the Patricia Nickol[1] incident. Patricia Nickol is alleged to have been injured using the same model stool at issue in the instant products liability case. Plaintiff claims the documents requested are relevant to establish that Tricam was on notice of a potential danger of the use of the model of step stool at issue in this case. Tricam objected to Plaintiff's requests on the grounds the documents requested are protected by the attorney work-product doctrine and are confidential. The Court finds that, in part due to the agreement of the parties, Plaintiff's Motion is well-taken and will be granted.

    <u>Attorney work-product</u>

    In diversity cases, Rule 26(b)(3) of the Federal Rules of Civil Procedure governs

---

[1] Ms. Nickol's name is misspelled in Plaintiff's Motion to Compel and the correct spelling is used herein.

work-product issues. *Frontier Refining*, 136 F.3d at 702 n. 10. "[T]he work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *Citizens Progressive Alliance v. U.S. Bureau of Indian Affairs*, 241 F.Supp. 2d 1342, 1358 (D.N.M. 2002) (Smith, Magistrate J.) (citing *United States v. Nobles*, 422 U.S. 225, 238, 95 S. Ct. 2160 (1975)). The attorney work-product doctrine "is intended only to guard against divulging the attorney's strategies and legal impressions." *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir.1995). Documents or other items that do not reflect the attorney's mental impressions are not protected by the work product doctrine. *Nobles*, 422 U.S. at 238 ("At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case."); *In re Grand Jury Proceedings*, 658 F.2d 782, 784–85 (10th Cir.1981) ("Such mental impressions are a prerequisite to the invocation of the work product doctrine.").

The party asserting the work product protection has the burden of demonstrating that it applies and that it has not been waived. *Kovacs v. Hershey Co.*, No. 04-cv-01881, 2006 WL 2781591, at * 10 (D.Colo. 2006). A blanket assertion that the work product doctrine applies is insufficient to meet that burden. *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir.1995). For the work-product doctrine to apply, the asserting party must show that the documents or materials were prepared in anticipation of litigation by or for a party or that party's representative. Fed. R. Civ. P. 26(b)(3).

In this case, Tricam objected to Request Nos. 31 and 33 based on the attorney

work-product doctrine. However, Tricam has not established that the documents requested are subject to work-product protection. Indeed, they do not submit any argument in defense of this objection except to make a bald assertion that "it was legal counsel's work-product and analysis contained within the documents at issue." This is insufficient to establish that the materials requested contained the mental impressions of Tricam's attorneys. Rather, Request Nos. 31 and 32 seek documents received from Patricia Nickol and her counsel, and those sent to Ms. Nickol from Tricam. Any claimed protection would be waived by the disclosure of these documents to the opposing party. Accordingly, Tricam's objections on the basis of attorney work-product are overruled.

Confidentiality

Tricam contends that its primary objection to the production of documents is on the grounds that the settlement documents are confidential. Specifically, Tricam is concerned that the amount of settlement contained in the documents requested remains confidential. Plaintiff responds that she is willing to accept the documents with the amount of settlement redacted.[2] Further, a general concern for protecting confidentiality does not equate to privilege. *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 684-85 (D. Kan. 2004). Thus, information and documents are not shielded from discovery merely because they are confidential. *Id.* In the context of settlement agreements, the mere fact that the settling parties agree to maintain the confidentiality of their agreement does not serve to shield the agreement from discovery. *Id.* Simply put, litigants may not

---

[2] It appears that, while the parties exchanged one letter each in an attempt to resolve the issues presented in the motion to compel, they could have made a greater effort to resolve these issues without the intervention of the court. For example, had Plaintiff agreed that they would accept redacted copies of the settlement agreements, the parties could have come to some resolution since that seems to be Tricam's primary concern. In the future, the Court would appreciate it if counsel made a greater effort to resolve their discovery issues before increasing the costs of litigation through motions practice that could possibly have been resolved with a phone call.

shield otherwise discoverable information from disclosure to others merely by agreeing to maintain its confidentiality. *Id.* Accordingly, the Court overrules any confidentiality objections that Tricam has to these discovery requests, but will require that any settlement agreement documents produced have the amount of settlement redacted pursuant to the agreement of the parties.

Tricam additionally objects to the discovery based on Federal Rules of Evidence 408, 402 and 403 and argues that the evidence is irrelevant, inadmissible and will not lead to the discovery of admissible evidence. As Plaintiff points out, the Rules of Evidence are rules regarding admissibility, not discoverability. *DIRECTV*, 224 F.R.D at 685. Plaintiff counters that the evidence may lead to the discovery of admissible evidence that Tricam was on notice that there was a problem with the step stool at issue in this case.

Tricam did not object to the Requests at issue on the basis of relevancy and, therefore, Tricam cannot now claim the documents requested are irrelevant as that objection has been waived. Fed. R. Civ. P. 33(b)(4). Further, the issue of admissibility is better left for a motion in limine. Accordingly, the Court overrules Tricam's objection and grants Plaintiff's Motion to Compel as provided herein.

IT IS SO ORDERED.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE